## Case No. 16,769.

### UNITED STATES v. WRIGHT.

[Cited in U. S. v. Pacheco, Case No. 15,982. Nowhere reported; opinion not now accessible.]

## Case No. 16,770.

### UNITED STATES v. WRIGHT et al.

[3 Am. Law T. Rep. U. S. Cts. 17; 11 Int. Rev. Rec. 22, 35; 17 Pittsb. Leg. J. 20; 3 Pittsb. Rep. 192.]

Circuit Court, W. D. Pennsylvania. Jan. 11, 1870.

VIOLATIONS OF INTERNAL REVENUE LAWS—LIMITATION IN RESPECT TO PROSECUTIONS.

[By the act of April 30, 1790 (1 Stat. 112), all prosecutions for offenses not capital, or for fines or forfeitures under any penal statute, are barred unless the indictment or information is found or instituted within two years from the date of the offense. The act of March 26, 1804, in its third section, provides that any person guilty of any crime "arising under the revenue laws of the United States," or incurring any fine or forfeiture by breaches of said laws, may be prosecuted, etc., provided the indictment or information be found within five years from the date of the offense, any law or provision to the contrary notwithstanding. Held, that the act of July 13, 1866 (14 Stat. 98), entitled "An act to provide internal revenue to support the government," etc., is a "revenue law," within the meaning of the latter statute, and that prosecutions thereunder may be instituted within five years.]

Mr. Carnahan, U. S. Dist. Atty.

G. W. De Camp and S. S. Spencer, for defendants.

McKENNAN, Circuit Judge. The defendants are indicted for violations of the act of congress, entitled "An act to provide internal revenue to support the government, &c.," as amended by the act of July 13, 1866. 1st. By carrying on the business of distillers of spirits without having paid the special tax imposed by law. 2d. By carrying on the business of distilling without having given bonds. 3d. By engaging in the business of distilling, and making distilled spirits without having provided a bonded warehouse. To this indictment the defendants have pleaded specially that the offenses therein charged were not committed within two years before the finding of the indictment. It is admitted that the offenses so charged were not committed within two years, but that they were committed within five years before the finding of the indictment. The question is thus presented: Are the defendants protected by the statute of limitations?

By the act for the limitation of crimes, passed April 30, 1790, all prosecutions for offenses not capital, or the fines or forfeitures under any penal statute, are barred, "unless the indictment or information for the same shall be found or instituted within two years from the time of committing the offense, or incurring the fine or forfeiture aforesaid." If this act is applicable to the present case, it is clear that the defendants cannot be convicted. The third section of the act of March 26, 1804 (2 Stat. 290), enacts that any person or persons, guilty of any crime arising under the revenue laws of the United States, or incurring any fine or forfeiture by breaches of said laws, may be prosecuted, tried and punished, provided the indictment or information be found at any time within five years after committing the offense or incurring the fine or forfeiture, any law or provision to the contrary notwithstanding. The general terms of this section would seem to embrace offenses created by the act upon which this indictment is founded, but an elaborate argument has been made by the defendants' counsel to show that it is to be restricted in its application to offenses defined, or penalties imposed by laws relating to the importation of goods, etc.; and this for the reason that only such laws are to be regarded as revenue laws within the meaning of the act of March 26, 1804. The argument has failed to convince us of the soundness of such interpretation. Its fundamental infirmity is in confounding the instrumentality with the result. Taxation is the means by which revenue is raised, and revenue is, therefore, the product or fruit of taxation. It matters not in what form the power of taxation may be exercised, or to what subjects it may be applied, its exercise is intended to provide means for the support of the government, and the means so provided are necessarily to be regarded as the national revenue. Duties upon imports are imposed for the same general object, and because they are so imposed the money thus produced is considered revenue, not because it is derived from that particular source. So also with regard to the act upon which the indictment in this case is founded; its object is to furnish financial sustenance to the government; its title expressly declares it to be "An act to provide internal revenue," &c. The taxes imposed by it when paid are to be applied to vital national objects, and constitute part of the revenue of the government. It is, therefore, manifestly a revenue law, and as such comes within the purview of the act of 1804. If any confirmation of this interpretation is needed it will be found in the fourteenth section of the act of March 3, 1863 (12 Stat. 741), and in the opinion of Clifford, Circuit Justice, in U. S. v. Shorey [Case No. 16,281], in the circuit court, New Hampshire district. We must hold that the act upon which this indictment is founded is a revenue law, within the meaning of the act of 1804, and that the limitation for the prosecution, trial and punishment of persons guilty of offenses within it, is extended to five years. And the jury is so instructed.

[The case was submitted to the jury after the opinion of the court had been delivered, and a verdict of not guilty rendered.] 1

1 [From 11 Int. Rev. Rec. 22.]